IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PETER J. LONG,

                Plaintiff,                               ORDER

v.                                                     12-cv-647-wmc

AMY K. WONDRA, MARY JO PLEUSS
and RONALD TORSELLA,

                Defendants.

---

    Plaintiff Peter Long, a prisoner at the Fox Lake Correctional Institution in Fox Lake, Wisconsin has submitted a proposed complaint under 42 U.S.C. 1983. He asks for leave to proceed *in forma pauperis*. Because plaintiff is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether he can proceed with his complaint *in forma pauperis*, plaintiff will have to make an initial partial payment of the filing fee.

    In determining whether a prisoner litigant qualifies for indigent status this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

    In this case, 20% of the average monthly deposits to plaintiff's account is $34.16, but 20% of the average monthly balance is $85.10. Because the greater of the two amounts is 20% of the average monthly balance, or $85.10, that is the amount plaintiff will be assessed as an initial partial payment of the filing fee. If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay

some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $85.10 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

ORDER

IT IS ORDERED that plaintiff Peter Long is assessed $85.10 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $85.10 on or before September 28, 2012. If, by September 28, 2012, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 6th day of September, 2012.

BY THE COURT:

*Peter Oppeneer*
PETER OPPENEER
Magistrate Judge